FILED: 9/14/2016 8:14:23 AM
Vickie Edgerly, District Clerk
Orange County, Texas
By: Denise Smith, Deputy

CAUSE NO. B160275-C

| | | |
|---|---|---|
| HARRY CHESSHER | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | |
| | § | ORANGE COUNTY, TEXAS |
| XL SPECIALTY INSURANCE | § | |
| COMPANY | § | 163rd JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Harry Chessher, Plaintiff and files his Original Petition complaining of XL Specialty Insurance Company, Defendant, and in support thereof would show the following:

#### I. DISCOVERY

Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure 190.3.

#### II. JURISDICTION

This Court has jurisdiction over the parties to this suit. This Court has subject matter jurisdiction over the controversies between the parties. Plaintiff makes claims for damages for a monetary amount in controversy within the jurisdiction of this Court. Plaintiff seeks relief between $200,000.00 and $1,000,000.00 under Texas Rule of Civil Procedure 47(b).

#### III. PARTIES

Plaintiff, Harry Chessher, is an individual residing in Orange County, Texas.

Defendant, XL Specialty Insurance Company is a foreign entity doing business in the venue and jurisdiction of this Court and process may be served on their registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.


EXHIBIT A

## IV. VENUE

Venue is proper in Orange County, Texas because Orange County is the county in which all or a substantial part of these events or omissions giving rise to these claims occurred. *See* TEX. CIV. PRAC. & REM. CODE § 15.002.

## V. FACTS

On or about May 5, 2015, Plaintiff suffered severe bodily injuries when the vessel he was captaining was struck by Mark Netherly's vessel. Due to the negligence, negligent entrustment, carelessness, and fault of Mr. Netherly as owner and/or operator of the vessel, the unseaworthiness of the vessel, the failure to adequately train and supervise his crew/operator, and for negligently entrusting the vessel to an operator that he knew or should have known was incompetent and/or reckless, all of which was in the privity and knowledge of Mr. Netherly, Plaintiff sustained severe and disabling bodily injuries resulting in physical impairment, pain and suffering, and disfigurement

Nothing Plaintiff did or failed to do on the occasion caused or in any way contributed to the cause of his injuries.

Since the collision in question, it has become apparent that Mr. Netherly's insurance coverage is insufficient to compensate Plaintiff for his injuries. At the time of the accident Plaintiff had uninsured/under-insured insurance through Defendant. Plaintiff has made a claim for this coverage, though Defendant refuses to payout the demand made under this policy.

## VI. BREACH OF CONTRACT

Plaintiff and Defendant had a valid, enforceable contract on the date of the collision. Plaintiff if the beneficiary of the proceeds due under this contract given the circumstances set out above. Additionally, Plaintiff has performed his contractual obligations by paying his premiums

as due. Defendant has breached this contact by failing to pay the proper claim timely submitted to Defendant. As such, Defendant has harmed Plaintiff.

## VII. DAMAGES

As a result of the injuries sustained by Plaintiff as a result of the accident made the basis of this suit, Plaintiff hereby sues for the following damages items of damage which were not compensated for by Netherly's insurance:

a. Physical pain and suffering in the past;

b. Physical pain and suffering the Plaintiff will experience in the future;

c. Mental anguish suffered in the past;

d. Mental anguish the Plaintiff will experience in the future;

e. Past medical expenses;

f. Medical expenses the Plaintiff will experience in the future;

g. Physical impairment in the past; and

h. Physical impairment Plaintiff will experience in the future.

## VIII. ATTORNEY FEES

Plaintiff seeks attorney's fees under Chapter 38 of the Civil Practice and Remedies Code for breach of a written contract.

## IX. PREJUDGMENT AND POSTJUDMENT INTEREST

Plaintiff seeks prejudgment and postjudgment interest as allowed by law.

## X. COURT COSTS

Plaintiff sues to recover court costs as allowed by law.

## XI. DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial and has tendered the appropriate fee.

## XII. NOTICE AND CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## XIII. REQUEST FOR DISCLOSURES

Under the authority of Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose within fifty (50) days of service

## XIV. RULE 193.7 NOTICE

Plaintiff intends to use Defendant's discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that, upon final hearing hereof, Plaintiff have judgment against Defendant for all aforementioned damages. Plaintiff additionally requests that the Court award reasonable and necessary costs pursuant to the Texas Civil Practice & Remedies Code, and for such other and further relief, at law or in equity, general or special, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE BERNSEN LAW FIRM

/s/ Cade Bernsen
David Bernsen
State Bar No. 02217500
dbernsen@bernsenlaw.com
Cade Bernsen
State Bar No. 24073918
cbernsen@bernsenlaw.com
420 MLK Jr. Parkway
Beaumont, Texas 77701
(409) 212-9994
(409) 212-9411 facsimile

ATTORNEYS FOR PLAINTIFF